UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT DAVIS (#96564), Plaintiff | CIVIL ACTION NO. 1:16-CV-1534-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| SANDY MCCAIN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Robert Davis (#96564) ("Davis"). Davis was granted leave to proceed *in forma pauperis*. (Doc. 9). Davis is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Davis complains that his constitutional rights, and the rights of other inmates, are being jeopardized by exposure to environmental tobacco smoke ("ETS"). Davis names as defendants Warden Sandy McCain, Deputy Warden Troy Poret, Deputy Warden Rodney Slay, Assistant Warden Blaine Villemarette, Business Officer Jude Pitre, Lieutenant Bonnette, Dr. Casey McVea, Assistant Warden Wayne Millus, and Secretary James LeBlanc. Davis seeks monetary and injunctive relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## I.   Background

Davis complains that Defendants "are continually exposing Plaintiffs to environmental tobacco smoke" that "causes serious harm."

Davis alleges that Defendants "are aware that smokeless tobacco is sold by the RLCC canteen." (Doc. 1, p. 9).   Davis maintains that other offenders purchase smokeless tobacco and dry it in the microwave, giving off an "offensive smell throughout the unit." (Doc. 1, p. 10). The tobacco is then rolled in thin sheets of Bible pages and smoked. (Doc. 1, p. 11).

Davis alleges that second-hand smoke has caused him and the other inmates to suffer "migraine headaches, respiratory problems, coughing, sneezing, eye irritation, and breathing problems." (Doc. 1, p. 12). Davis alleges that exposure to ETS resulted in "serious harm and multiple sick calls." (Doc. 1, p. 11). In his amended complaint, Davis claims that ETS causes himself and the other inmates to suffer from "nausea, inability to eat, headaches, chest pain, difficulty breathing, numbness in the limbs, teary eyes, dizziness, sore throat, and coughing." (Doc. 8, p. 2).

## II.   Law and Analysis

### A.   Davis cannot meet the requirements necessary to proceed with a class action.

Davis filed a motion to certify class. (Doc. 3). Rule 23 of the Federal Rules of Civil Procedure governs the maintenance of a class action. Under Rule 23(a), the party seeking certification must demonstrate: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the

2

claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. The proposed class must also satisfy at least one of the three requirements listed in Rule 23(b). See Wal–Mart Stores, Inc. v. Dukes, 564 U.S. 338 (2011) (citing Fed. R. Civ. P. 23(a)).

Plaintiffs have the burden of proof in establishing that all requirements are satisfied. Denial of class certification is warranted if any requirement of Rule 23 is not satisfied. See Berger v. Compaq Computer Corp., 257 F.3d 475, 479 n. 4 (5th Cir. 2001) (citations omitted). The district court has wide discretion in deciding whether or not to certify a proposed class. See McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995).

The Fifth Circuit interprets the adequacy requirement to "require the class representatives to possess a sufficient level of knowledge and understanding to be capable of 'controlling' or 'prosecuting' the litigation." Berger, 257 F.3d at 482–83.  In accordance with this understanding, courts have prohibited pro se prisoner class actions from proceeding for fear that "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) (citing Anderson v. Moore, 372 F.2d 747, 751 n. 5 (5th Cir. 1967)). Because Davis is a prisoner proceeding pro se, he "is inadequate to represent his fellow inmates in a class action." See Washington v. Louisiana, No. 09–3186, 2009 WL 2015556, at *1 n. 1 (E.D. La. June 30, 2009) (unpublished) (prisoner-plaintiff's pro se status rendered him incapable of satisfying the Rule 23(a)(4) adequacy requirement) (citing Oxendine; Gonzales v. Cassidy, 474

F.2d 67 (5th Cir. 1973); Anderson v. Moore, 372 F.2d 747, 751 n. 5 (5th Cir. 1967) (court refused to allow pro se plaintiff to represent a proposed class because her pleadings conclusively demonstrated that she could not "fairly and adequately protect the interests of the class")).

Davis has not presented allegations indicating that he can meet the requirements of Rule 23.  Therefore, his request for class action certification should be denied.

## III.  Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Davis's motion to certify class (Doc. 3) be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this _29th_ day of December, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge

5