UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT DAVIS (#96564), Plaintiff | CIVIL ACTION NO. 1:16-CV-1534-P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| SANDY MCCAIN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Robert Davis (#96564) ("Davis"). Davis was granted leave to proceed *in forma pauperis*. (Doc. 9). Davis is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Davis complains that he is being exposed to high levels of environmental tobacco smoke ("ETS"). Davis names as defendants Warden Sandy McCain, Deputy Warden Troy Poret, Deputy Warden Rodney Slay, Assistant Warden Blaine Villemarette, Business Officer Jude Pitre, Lieutenant Bonnette, Dr. Casey McVea, Assistant Warden Wayne Millus, and Secretary James LeBlanc. Davis seeks monetary and injunctive relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.   Background

Davis alleges that Defendants are "continually exposing Plaintiffs to environmental tobacco smoke" that "causes serious harm."

Davis alleges that Defendants "are aware that smokeless tobacco is sold by the RLCC canteen." (Doc. 1, p. 9). Davis maintains that offenders purchase smokeless tobacco and dry it in the microwave, giving off an "offensive smell throughout the unit." (Doc. 1, p. 10). The tobacco is then rolled in thin sheets of Bible pages and smoked. (Doc. 1, p. 11). Davis alleges that he has complained to Defendants, exhausting each level of the grievance process. (Doc. 1, p. 13).

Davis alleges that second-hand smoke causes him to suffer "migraine headaches, respiratory problems, coughing, sneezing, eye irritation, and breathing problems." (Doc. 1, p. 12). Davis alleges that exposure to ETS resulted in "serious harm and multiple sick calls." (Doc. 1, p. 11). In an amended complaint, Davis claims that ETS causes him to suffer from "nausea, inability to eat, headaches, chest pain, difficulty breathing, numbness in the limbs, teary eyes, dizziness, sore throat, and coughing." (Doc. 8, p. 2).

In another amended complaint, Davis alleges that "the atmosphere is permeated with smoke," and "it is impossible to not smell or see the smoke on the tiers." (Doc. 21). According to Davis, there are 44 inmates on his tier, only five of whom do not smoke. (Doc. 28-1). Davis alleges that six fans on the tier do not help dissipate the smoke, and the windows remain closed. Davis complains that his administrative grievances have been ignored. (Doc. 28-1, pp. 1-2).

Davis's motion for class certification has been denied. (Doc. 27).

## II. Law and Analysis

### A. Davis's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Davis is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Davis's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Davis's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Davis does not have a right to have his grievance resolved.

Davis claims that Defendant Millus violated his constitutional rights by denying Davis's administrative grievance. (Doc. 1, p. 16). However, an inmate has no constitutional right to a grievance procedure. Thus, an inmate has no due process

liberty interest in having a grievance resolved to his satisfaction. See Geiger v. Jowers, 404 F.3d 371, 374–75 (5th Cir. 2005). Therefore, Davis has not stated a claim against Defendant Millus.

    C.    **Davis cannot state a claim for monetary damages against Defendants in their official capacities.**

Davis seeks monetary damages against Defendants in their individual and official capacities. Section 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. See Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). A suit against a state official or employee in his or her official capacity is actually a suit against the state itself. See Hafer v. Melo, 502 U.S. 21, 25 (1991). The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. See Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 280 (5th Cir. 2002). By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A). Therefore, Davis's claim for monetary damages against Defendants in their official capacities should be dismissed.

    D.    **Davis has not stated a constitutional claim against Defendant McVea.**

To state an Eighth Amendment claim based on prison conditions, a plaintiff must show: (1) a sufficiently serious deprivation; and (2) that the relevant official or officials acted with deliberate indifference to inmate health or safety. See Herman v.

4

Holiday, 238 F.3d 660, 664 (5th Cir. 2001) (citations omitted). With respect to medical care, prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. See Wilson v. Seiter, 501 U.S. 294, 297 (1991); Estelle v. Gamble, 429 U.S. 97, 104–05 (1976).

Davis claims that Dr. McVea is liable because he "is the Medical Director at RLCC and is generally responsible for ensuring provision of care to prisoners." (Doc. 1, p. 7). Davis argues that, as a medical doctor, Dr. McVea "should have known that smoking can injured [sic] the offenders at RLCC." (Doc. 1, p. 7). Davis has not alleged that Defendant McVea failed to provide him medical care or engaged in any action that would otherwise constitute deliberate indifference.

### III. Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Davis's claims against Defendants Millus and McVea, and Davis's claim for damages against Defendants in their official capacities only be **DENIED** and **DISMISSED** with prejudice under § 1915(e)(2)(b) and § 1915A.

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental**

objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of April, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge