UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT DAVIS | CIVIL ACTION 1:16-CV-01534 |
| VERSUS | JUDGE TRIMBLE |
| SANDY MCCAIN, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a motion for injunctive relief filed by Plaintiff Robert Davis ("Davis") (Doc. 39). Davis is confined in the Raymond Laborde Correctional Center in Cottonport, Louisiana ("RLCC"). Davis claims that he, and the other inmates, are being continually exposed to environmental tobacco smoke ("ETS"). Davis filed a Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 39) to have the Court order the prison officials to prohibit all smoking in the prison. Davis contends that exposure to ETS threatens him with irreparable harm.

Davis contends inmates purchase smokeless tobacco and dry it in the microwave, giving off an offensive smell throughout the unit (Doc. 39). The tobacco is then rolled in "thin sheets of Bible pages" and smoked (Doc. 39). Davis alleges inmates are smoking in the common areas, which are permeated with ETS (Doc. 39). Davis alleges the ETS causes him "to become dizzy, coughing, breathing difficulties, and respiratory problems" (Doc. 39).

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

In order for Davis to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party; and (4) that the court granting the injunction will not disserve the public interest. See Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981).

In Helling v. McKinney, 509 U.S. 25, 33-35 (1993), the Supreme Court held that prison officials may violate the Eighth Amendment's prohibition against cruel and unusual punishment by exposing inmates to an excessive level of ETS. The Supreme Court identified both objective and subjective elements. See Hicks v. Correctional Corp. of America, 2009 WL 2969768, *5 (W.D. La. 2009). Objectively, a plaintiff must show that he himself is being exposed to unreasonably high levels of ETS. The objective factor not only embraces the scientific and statistical inquiry into the harm caused by ETS, but also whether society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. See Hicks, 2009 WL 2969768, *5. Subjectively, the plaintiff must prove deliberate indifference, considering the officials' current attitudes and conduct and any policies that have been enacted. See Hicks, 2009 WL 2969768, *5. Therefore, to

2

obtain relief, a prisoner must prove not only that the level of ETS to which he is exposed is unreasonable, but also that prison officials have shown "deliberate indifference" to the health risks associated with second hand smoke. See Hicks, 2009 WL 2969768, *5.

On the subjective component, the adoption of a smoking policy bears heavily on the inquiry into deliberate indifference. See Hicks, 2009 WL 2969768, *5. Louisiana enacted the Louisiana Smoke Free Air Act (2007), 2006 La. Acts No. 815, in La. R.S. 40:1291.2, et seq.,[1] which prohibits smoking in all public places and, effective August 15, 2009, prohibits smoking in any state, local, or private correctional facility. La. R.S. 40:1291.11(B)(14).

On the objective component, this Court has previously held that the United States Surgeon General's June 2006 report, available at https://www.surgeongeneral.gov/library/reports/index.html, establishes conclusively that exposure to second hand smoke is unhealthy and dangerous, and that scientific evidence shows there is not safe level of or exposure to second hand smoke. See Hicks v. Corrections Corp. of America, 2009 WL 2969768, *6-*7 (W.D. La. 2009).

Davis is not entitled to a temporary restraining order under Fed. R. Civ. P. rule 65. He has not shown that immediate and irreparable injury, loss, or damage will result to him before the adverse parties can be heard in opposition. Nor has

---

[1] Section 1291.2 states in part: "[I]t is in the best interest of the people of this state to protect nonsmokers from involuntary exposure to secondhand smoke."

Davis certified in writing any efforts made to give notice, and the reasons why it should not be required.

However, Davis may be entitled to injunctive relief to preclude prison authorities from violating the law prohibiting smoking in prison. The United States Court of Appeals for the Fifth Circuit has held that allegations such as Davis's are sufficient to state a claim for ETS exposure. See Bruce v. Little, 568 Fed. Appx. 283, 286 (5th Cir. 2014). If Davis can prove his claim, there is a substantial likelihood that his cause will succeed on the merits. Also, obviously, requiring the prison to adhere to the statutory prohibition against smoking in any state, local or private correctional facility will not cause it injury or disserve the public interest.

Therefore, this case should be set for a hearing on the issue of whether a preliminary injunction should be issued to enforce the statutory prohibition against any and all smoking inside RLCC. See Fed. R. Civ. P. rule 65(b)(3).

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Davis's request for a temporary restraining order (Doc. 39) be DENIED.

IT IS FURTHER RECOMMENDED that a hearing be held to consider Davis's request for a preliminary injunction (Doc. 39).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana on this __7th__ day of December, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge